UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GAIL ANN BENEDETTO,<br><br>Plaintiff,<br>v.<br><br>CITY OF LAKEWOOD et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05495-DGE<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court on *sua sponte* review pursuant to 28 U.S.C. § 1915(a). Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), submitted a complaint on July 30, 2026, against the City of Lakewood, Judge Timothy Lewis of the Lakewood Municipal Court, the "Clerks" of Lakewood Municipal Court, City of Lakewood Prosecutor's Office, Kanani Palafox, Deana Wright, "Prosecutor" R. Tye Grahan, Danielle Tuniniga, Sergeant Brian Markert, Sophia Arnold, Angela Horwrath, St. Claire's Hospital, "Charge Nurse Erin," Courtney Lewis, and "both" Nisqually Jail Sergeants (collectively, "Defendants"). (Dkt. No. 4.)

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc). "The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915 "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Plaintiff's complaint names the City of Lakewood, a Lakewood Municipal Court Judge, the Clerks of Lakewood Municipal Court, the City of Lakewood Prosecutor's Office, St. Claire's Hospital, Nisqually Jail, and 10 individuals who are either attorneys, nurses, law enforcement officers, or something else not known to the Court. (Dkt. No. 4 at 7–8.) The complaint provides a winding narrative about events that appear to involve an alleged criminal prosecution, a domestic violence protection order, and other events related to a competency evaluation and disagreements with her appointed defense counsel. (*Id.* at 12–13, 15–21.) To put it lightly, the complaint fails to identify in any discernible manner the claims asserted against each individual defendant and the factual basis supporting each claim.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to give

defendants “fair notice of what the . . . claim is and the grounds upon which it rests[.]” *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted); *see also Jones v. Cmty. Redevelopment Agency of City of L.A.*, 733 F.3d 646, 649 (9th Cir. 1984) (citation and alterations omitted) (a complaint must “‘give fair notice and state the elements of the claim plainly and succinctly’”). “Rule 8(a) has ‘been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.’” *Cafasso, U.S. ex rel. v. Gen. Dyanics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted).

Plaintiff’s complaint fails to meet the pleading requirements under Rule 8. The narrative is convoluted, difficult to follow, and does not clearly identify which Defendant acted against Plaintiff, what specific actions each Defendant took, when each Defendant took such action, where such action was taken, and how such action violated the law or Plaintiff’s constitutional rights. (*E.g.*, Dkt. No. 4 at 12) (“The defendants rely on automated booking systems and mandatory policies that bypass individual Fourth Amendment assessments.”). The Ninth Circuit has held that dismissal for failure to comply with Rule 8 is proper where “the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action.” *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff’s complaint could be dismissed on this basis alone.

Further, to the extent Plaintiff seeks to assert claims against Lakewood Municipal Court Judge Timothy Lewis based on prior rulings in state criminal litigation, these claims are barred by judicial immunity. Judicial immunity extends to all acts “normally performed by a judge” where the “expectation[] of the parties” is that they are “deal[ing] with the judge in his judicial capacity.” *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Put another way, whether an act by a

judge is a "judicial" one "relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citation and internal quotation marks omitted). "Because the relevant inquiry is focused on the nature or function of the act rather than the act itself, a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" *Scannell v. Wash. State Bar Ass'n*, Case No. 2:12-cv-00683-SJO, 2013 WL 12423273, at *3 (W.D. Wash. Feb. 26, 2013) (quoting *Mireles*, 502 U.S. at 13). Judicial immunity ends only where a judge has acted in "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). The Ninth Circuit has held judicial immunity extends beyond monetary damages to "declaratory, injunctive, and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *superseded by statute on other grounds*; *see also Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of U.S.*, 577 F. Supp. 3d 1106, 1126 (D. Or. 2021).

Plaintiff alleges Judge Lewis "ignored [her] request to strike the not guilty pleas," failed to answer her questions about her prosecution, and "malicious[ly] attempt[ed] to force competency but refus[ed] to appoint a conflict free attorney." (Dkt. No. 4 at 13, 15.) These actions all fall within the broad umbrella of "function[s] normally performed by a judge[.]" *Mireles*, 502 U.S. at 12 (citation and internal quotation marks omitted). While it is *possible* Plaintiff could overcome judicial immunity by pleading facts that show a "clear absence of all jurisdiction[,]" *Stump*, 435 U.S. at 357 (citation omitted), she has not done so here. Accordingly, to the extent any of Plaintiff's claims against Judge Lewis could overcome the Rule 8(a) hurdle, they are separately barred by judicial immunity.

Finally, to the extent Plaintiff is attempting to relitigate state court judgments, those claims are subject to the *Rooker-Feldman* doctrine and are barred. Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). The jurisdictional bar posed by *Rooker-Feldman* applies even if the complaint raises federal constitutional issues. *Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

It is unclear from the face of the complaint whether the state court proceedings Plaintiff complains of are indeed final. (*See* Dkt. No. 4 at 1) (Plaintiff attaches a notice of removal to remove "the criminal/quasi-criminal action currently pending in the Lakewood Municipal Court"[1]). However, even if Plaintiff's various proceedings have not concluded, they would

---

[1] Plaintiff asserts removal is pursuant to 28 U.S.C. §§ 1441, 1443, and 1455. (Dkt. No. 4 at 1.) To perfect removal of a criminal prosecution, a litigant must comply with specific requirements, including but not limited to identifying the specific basis for removal and filing a copy of all process, pleadings, and orders served upon the litigant. *See* 28 U.S.C. § 1455(a). To the extent Plaintiff seeks to remove a criminal prosecution, Plaintiff has not complied with the statutory requirements to effectuate removal. Moreover, there appears to be a conflict between a possible

nonetheless be subject to the *Younger* abstention doctrine. The *Younger* abstention doctrine mandates that federal courts must generally abstain from interfering in a parallel, pending state criminal proceeding. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger v. Harris*, 401 U.S. 37, 43–54 (1971)). The Court cannot determine from the face of the complaint if the cases against Plaintiff are ongoing, as the complaint is long and does not contain sufficient details regarding final adjudication of the various legal issues discussed. (*See generally* Dkt. No. 4.) But, to the extent any cases have not concluded, *Younger* prohibits the Court from entertaining Plaintiff's various claims that are still ongoing.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court is skeptical Plaintiff will be able to remedy the deficiencies identified in this order. Notwithstanding, because this is Plaintiff's first complaint, the Court cannot determine with certainty whether any potential amendment may be futile without first reviewing the proposed amendment. The Court will therefore allow Plaintiff to amend her complaint.

Plaintiff SHALL file her amended complaint **on or before September 4, 2026**. Any amended complaint must address *all* the deficiencies identified in this order. Failure to do so may result in the dismissal of this action without prejudice. The Clerk is directed to calendar this event.

Because the Court dismisses Plaintiff's complaint, Plaintiff's motion to appoint counsel (Dkt. No. 5) is DENIED as moot. If Plaintiff wishes to renew the motion to appoint counsel,

---

attempt to remove a criminal prosecution and Plaintiff's proposed civil complaint; Plaintiff does not explain how both can be maintained in the same action.

Plaintiff must file a new motion to appoint counsel after the amended complaint is filed and screened by the Court.

Dated this 7th day of August, 2026.

David G. Estudillo
United States District Judge